AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of *(Briefly describe the property to be searched or identify the person by name and address)*<br><br>Items Described in Attachment A | Case No. 8:23-MJ-00353 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ___ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  07/06/2023 at 4:43pm            /s/ Autumn D. Spaeth
                                                                                      *Judge's signature*

City and state: Santa Ana, CA                          Autumn D. Spaeth, U.S. Magistrate Judge
                                                                                  *Printed name and title*

AUSA: C. Campbell

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

## Return

| Case No.:<br>8:23-MJ-00353 | Date and time warrant executed:<br>07/07/2023     9:46AM | Copy of warrant and inventory left with:<br>USPS |
|---|---|---|

Inventory made in the presence of :
 USPIS Task Force Officer Gabriel Gutierrez and Santa Ana Police Department Gerardo Corona

Inventory of the property taken and name of any person(s) seized:

Parcel #1: USPS Tracking #:9505 5124 3466 3180 4968 78- $8,000 United States Currency

Parcel #2: USPS Tracking #: EL 624 213 015 US- $12,950 United States Currency

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 07/12/2023

*Executing officer's signature*

Gabriel Gutierrez, USPIS Task Force Officer
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT RE. PARCELS**

I, Gabriel Gutierrez, being duly sworn, declare and state as follows:

### I.   TRAINING AND EXPERIENCE

1.   I am a Task Force Officer ("TFO") with the United States Postal Inspection Service ("USPIS") and have been so employed since June of 2022.  I am currently assigned as a TFO to the Contraband Interdiction and Investigations South Team of the Los Angeles Division, which is responsible for investigating drug trafficking violations involving the United States Mail.  As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7).  Specifically, I am an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.  Prior to being assigned as a TFO with the USPIS, I worked full-time as a sworn law enforcement officer with the Santa Ana Police Department, including as a narcotics detective.  I have been a sworn law enforcement officer with the Santa Ana Police Department since April 2009.  I am a Police Officer within the meaning of Section 830.1 of the California Penal Code.  I possess approximately 14 years of investigative experience.

2.   I have received training and have experience investigating violations of state and federal narcotics and money laundering laws, including, but not limited to Title 21, United States Code, Sections 841, 846, 952, 959 and 963 and Title 18, United States Code, Section 1956(a).  I have been involved in

various electronic surveillance methods including state and federal wiretap investigations, the debriefing of informants and witnesses, as well as others who have knowledge of the manufacturing, distribution, transportation, storage, and importation of controlled substances and the laundering of drug proceeds.

3. I have participated in many aspects of drug investigations, including investigations into the smuggling of illegal drugs, money laundering, and extortion related to drug trafficking. I am familiar with narcotics traffickers' methods of operation, including the manufacturing, storage, transportation, and distribution of narcotics, the collection of money that represents the proceeds of narcotics trafficking, and money laundering. I am also familiar with the way narcotics traffickers transport and distribute narcotics in areas they control. I am familiar with how drug traffickers utilize counter-surveillance techniques to avoid detection by law enforcement. I also know that drug traffickers often communicate with their drug-trafficking associates using cellular telephones. I have become aware that more sophisticated drug trafficking networks now utilize the dark web, e-mail, Blackberry devices, Voice over Internet Protocol, video chat, internet messaging services, and social networking sites to communicate with one another. During drug-related communications, traffickers often use coded or cryptic language to disguise the drug-related nature of their conversations.

4. In addition to my normal TFO duties, I also serve as a canine handler for the USPIS with a narcotics detection canine. My police canine partner "Poppy" is a single-purpose canine meaning he is certified in narcotics detection. Poppy and I attended the Scenturion Canine Consulting LLC Narcotics Detection course in April 2021. During this course, Poppy received 160 hours of instruction in the detection of the odor of marijuana, methamphetamine, cocaine, and heroin. Poppy and I receive yearly certification from the California Narcotic Canine Association in narcotics detection. I am familiar and knowledgeable in the behaviors Poppy engages in when he detects the presence of the odor of illegal narcotics. I conduct continual training with Poppy by hiding various narcotics in different locations such as buildings, vehicles, bags, parcels and in open areas. This training includes proofing Poppy on odors such as plastic, boxes, latex, tape, metal, currency (circulated and uncirculated), parcel packaging material, glass pipes, and food. I also proof Poppy of my human odor. This training is on-going and continuous.

## II. **PURPOSE OF AFFIDAVIT**

5. This affidavit is made in support of a search warrant for the SUBJECT PARCELS described below in paragraph 7 and Attachment A. The items to be seized constitute the fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility to Facilitate the Distribution of a Controlled Substance).

6. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### III. PARCELS TO BE SEARCHED

7. This affidavit is made in support of an application for a search warrant for the following United States Postal Service ("USPS") Priority Mail and Priority Mail Express parcels (hereinafter referred to as the "SUBJECT PARCELS"), which are currently secured at the United States Post Office located at 615 N. Bush Street, Santa Ana, California:

a. SUBJECT PARCEL #1 is a USPS Priority Mail parcel bearing tracking number 9505 5124 3466 3180 4968 78. SUBJET PARCEL #1 is a brown cardboard box and has a written label addressed to "J.Dang 1041 N Grand Ave Covina A 91724 Box #393". The written return address listed on SUBJECT PARCEL #1 is "RobRedmond 205 Lakeside Dr NE 31768 Moultie GA". SUBJECT PARCEL #1 was postmarked on June 29, 2023, in the 31768 zip code.

b. SUBJECT PARCEL #2 is a USPS Priority Mail Express parcel bearing tracking number EL 624 213 015 US. SUBJECT PARCEL #2 is a brown cardboard box and has a written label addressed to "Jabin Dang 1041 N Grand Ave #393 Covina CA 91724". The written

4

return address listed on SUBJECT PARCEL #2 is "Katherine Ramirez 3 McDuffie CT Greenville SC 29611". SUBJECT PARCEL #2 was postmarked on June 30, 2023, in the 29604 zip code.

### IV. ITEMS TO BE SEIZED

8.   The items to be seized from the SUBJECT PARCELS constitute fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility to Facilitate the Distribution of Controlled Substances). The items to be seized are identified in Attachment B and are incorporated herein by reference.

### V. STATEMENT OF PROBABLE CAUSE

#### A.   Background

9.   As described in detail below, the SUBJECT PARCELS are inbound parcels to the greater Los Angeles area from a different region of the United States and were selected for investigation because they met certain criteria common to packages containing contraband. The SUBJECT PARCELS are believed to contain controlled substances or the proceeds from the trafficking of controlled substances based on, among other things, positive alerts by a trained narcotics-detection canine.

10.  Based on my training and discussions with experienced Postal Inspectors, I know that Postal Inspectors have been conducting investigations of drug trafficking via USPS Express Mail and Priority Mail since the mid-1980s. In particular, they began conducting organized interdictions of Express Mail and

5

Priority Mail parcels suspected of containing controlled substances and proceeds from the sale of controlled substances in Los Angeles, California, in the early 1990s. Along with conducting organized interdictions, Postal Inspectors also regularly examine and investigate Express Mail and Priority Mail parcels throughout the year. During the 1990s, Postal Inspectors observed that the trend was for drug traffickers to send controlled substances and proceeds from the sale of controlled substances using boxes, with the proceeds in the form of cash. Although Postal Inspectors still see the use of boxes for controlled substances and cash, there has been a gradual change over the years toward the current trend of smaller boxes, flat cardboard envelopes, and Tyvek envelopes, with proceeds from the sale of controlled substances converted to money orders. By using money orders, drug traffickers are able to send large dollar amounts in compact form, using much smaller conveyances that lend a sense of legitimacy to the parcel.

11. From my training, personal experience, and the collective experiences related to me by Postal Inspectors on my team who specialize in investigations relating to the mailing of controlled substances and drug proceeds, I am aware that the greater Los Angeles area is a major source area for controlled substances. As such, controlled substances are frequently transported from the greater Los Angeles area via the United States Mail, and the proceeds from the sale of the controlled substances are frequently returned to the greater Los Angeles area via the United States Mail. These proceeds are generally in large amounts of money over $1,000.

12. I also know based on my training and experience that drug traffickers will often use one of two USPS services -- Priority Mail Express Service, which is the overnight/next day delivery mail service, and Priority Mail Service, which is the two-to-three day delivery mail service.  Drug traffickers use Priority Mail Express delivery services because of their speed, reliability, and the ability to track the package's progress to the intended delivery point.  Drug traffickers often use Priority Mail delivery services because they allow drug traffickers more time for travel between states if they are following their shipments to their destinations for distribution.  Like Priority Mail Express, Priority Mail also allows drug traffickers to track the package's progress to the intended delivery point.

13. Based on information derived and built upon over many years, I, like other Postal Inspectors and Task Force Officers, initially look for certain characteristics when examining Priority Mail Express and Priority Mail for controlled substances or drug proceeds.  These characteristics include:

    a.   The article is contained in a box, flat cardboard mailer, or Tyvek envelope;

    b.   The article bears a handwritten label; and/or

    c.   The handwritten label on the article does not contain a business account number.

14. Parcels found to meet these characteristics are scrutinized by Postal Inspectors through further investigation, which may include return and addressee address verifications and trained narcotics-detecting canine examination.  Postal

7

Inspectors will also look for additional drug or drug proceed parcel characteristics such as:

    a.    The seams of the article are all taped or glued shut;

    b.    The article emits the odor of a cleaning agent, adhesive, or spray foam, detectable by a human; and/or

    c.    Multiple articles are mailed by the same individual, on the same day, from different locations.

15. Based on my training and experience and information learned during discussions with other Postal Inspectors and Task Force Officers, I know that drug traffickers often use fictitious or incomplete names and/or addresses in an effort to conceal their identity from law enforcement. Indeed, it is my experience that when real addresses are used, it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

    **B.**    **Initial Investigation of the SUBJECT PARCELS**

16. The SUBJECT PARCELS share the same recipient address as another parcel that was searched pursuant to a federal search warrant.

17. Specifically, on June 15, 2023, I identified a USPS Priority Mail Express parcel addressed to "Jabin Dang 1041 N Grand Ave #393 Covina CA 91724" -- the same address as the address listed on the SUBJECT PARCELS. I conducted ACCURINT database checks[1] on both the sender and recipient addresses for this parcel and

---

[1] ACCURINT is a public information database used by law enforcement that provides names, addresses, telephone numbers, and other identifying information.

8

determined that the listed parties were not associated with the listed addresses. I also had my police canine partner, Poppy, examine this parcel. Poppy positively alerted to the presence of narcotics or other items, such as the proceeds from the sale of drugs which have been recently contaminated by or associated with the odor of drugs. Based on this information, on June 26, 2023, the Honorable Karen E. Scott, United States Magistrate Judge, issued a federal search warrant (Case Number 8:23-MJ-00325). Upon searching this parcel, I discovered $20,000 in cash, which is believed to be proceeds from the sale of narcotics.

18. Subsequently, on June 30, 2023, pursuant to a profiling operation designed to identify suspicious packages being processed at USPS processing facilities, I located the SUBJECT PARCELS, addressed to "1041 N Grand Ave #393 Covina CA 91724." The SUBJECT PARCELS were identified as suspicious because they have some of the characteristics described above in paragraph 13, such as having a handwritten label and containing no business account numbers. It was also being sent to the same address previously identified as receiving likely narcotics proceeds, as described in paragraphs 16 and 17 above. SUBJECT PARCEL #2 is also being mailed from a postal facility other than the zip code listed for the sender, which I know to be a strategy used by drug traffickers to further distance themselves from association with the parcel in question.

19. After being identified as suspicious, the SUBJECT PARCELS were removed from the mail stream to be investigated further. The SUBJECT PARCELS were redirected to the Santa Ana

Post Office located at 615 N. Bush Street, Santa Ana, California for inspection.

### C. SUBJECT PARCELS' Description and ACCURINT Database Check

20. SUBJECT PARCEL #1 is a small brown cardboard box, with clear tape covering all box seams. On June 5, 2023, I conducted an ACCURINT database check using the sender information listed on the SUBJECT PARCEL: "RobRedmond 205 Lakeside Dr NE 31768 Moultie GA". Based on that check, I determined that there is a "Robin Redmond" associated with the listed address. It should be noted that the correct spelling of the city listed on the parcel is "Moultrie GA". I then conducted a check of the listed recipient, "J.Dang 1041 N Grand Ave Covina A 91724 Box #393". Based on that check, I determined that "J. Dang" is not associated with the listed address.

21. SUBJECT PARCEL #2 is a medium brown cardboard box, with clear tape covering the top and bottom seams. On June 5, 2023, I conducted an ACCURINT database check using the sender information listed on the SUBJECT PARCEL: "Katherine Ramirez 3 McDuffie CT Greenville SC 29611". Based on that check, I determined that "Katherine Ramirez" is not associated with the listed address. I then conducted a check of the listed recipient, "Jabin Dang 1041 N Grand Ave #393 Covina CA 91724". Based on that check, I determined that "Jabin Dang" is not associated with the listed address.

**D.     Positive Canine Alert on the SUBJECT PARCELS**

22.    On June 5, 2023, my police canine partner, Poppy, and I examined the exterior of the SUBJECT PARCELS.  Poppy positively alerted to the SUBJECT PARCELS, indicating the presence of drugs or other items, such as the proceeds from the sale of drugs which have been recently contaminated by or associated with the odor of drugs.

23.    Attached hereto as Exhibit 1, which I incorporate fully herein by reference, is a document setting forth information from me regarding Poppy's training and history in detecting controlled substances, and Poppy's examination of the SUBJECT PARCELS.

## VI. <u>CONCLUSION</u>

24.    Based on the above, I believe there is probable cause to believe the SUBJECT PARCELS, described in Attachment A, contain evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility to Facilitate the Distribution of a Controlled Substance), as described in Attachment B.

```
                                        /s/
                              Gabriel Gutierrez
                              United States Postal Task
                              Force Officer
```

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this  6   day of July
2023.


```
      /s/ Autumn D. Spaeth
HONORABLE AUTUMN D. SPAETH
UNITED STATES MAGISTRATE JUDGE
```

12

**ATTACHMENT A**

<u>PARCELS TO BE SEARCHED</u>

1.  This affidavit is made in support of an application for a search warrant for the following United States Postal Service Priority Mail and Priority Mail Express parcels (hereinafter referred to as the "SUBJECT PARCELS"), which are currently secured at the United States Post Office located at 615 N. Bush Street, Santa Ana, California:

   a.  SUBJECT PARCEL #1 is a USPS Priority Mail parcel bearing tracking number 9505 5124 3466 3180 4968 78. SUBJET PARCEL #1 is a brown cardboard box and has a written label addressed to "J.Dang 1041 N Grand Ave Covina A 91724 Box #393". The written return address listed on SUBJECT PARCEL #1 is "RobRedmond 205 Lakeside Dr NE 31768 Moultie GA". SUBJECT PARCEL #1 was postmarked on June 29, 2023, in the 31768 zip code.

   b.  SUBJECT PARCEL #2 is a USPS Priority Mail Express parcel bearing tracking number EL 624 213 015 US. SUBJECT PARCEL #2 is a brown cardboard box and has a written label addressed to "Jabin Dang 1041 N Grand Ave #393 Covina CA 91724". The written return address listed on SUBJECT PARCEL #2 is "Katherine Ramirez 3 McDuffie CT Greenville SC 29611". SUBJECT PARCEL #2 was postmarked on June 30, 2023, in the 29604 zip code.

**ATTACHMENT B**

ITEMS TO BE SEIZED

     1.    The following are the items to be seized from the SUBJECT PARCELS, which constitute the fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Distribution and Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility to Facilitate the Distribution of a Controlled Substance):

     a.    Any controlled substances, including marijuana;

     b.    Currency, money orders, bank checks, or similar monetary instruments in aggregate quantities over $1,000; and

     c.    Any associated packaging.

# EXHIBIT 1

# AFFIDAVIT

## HANDLER GABRIEL GUTIERREZ
## AND K9 "POPPY"

I am currently employed by the Santa Ana Police Department, and assigned as a Detective to the Vice/Narcotics Unit. As of April 7th, 2021, I was assigned as a Narcotic Detection Canine Handler. "Poppy" who is a 3 year old female Black Labrador Retriever, was acquired by the Santa Ana Police Department on April 7th, 2021. Subsequently, I was assigned as POPPY'S full-time canine handler on this day.

POPPY and I have received training as a Narcotic Detection Canine Team by "Scenturion Canine Consulting LLC," which is located in Fontana, California. Poppy and I completed 4 weeks of formal Narcotic Detection Training taught by "Scenturion Canine Consulting LLC" from April 12, 2021 through May 6th, 2021. During that time, POPPY has been trained to detect and alert to the odors of Marijuana, Methamphetamine, Cocaine, Heroin, MDMA (Ecstasy) and their derivative. POPPY has been trained to show a "passive alert" in response to detecting any of these narcotic odors. Prior to her final alert POPPY will often make sudden change of direction towards the source of the odor, her breathing pattern will change and she may take several deep inhalations through his nose, and then appear to stop taking breaths. Also, without direction, POPPY may also jump up into and/or crawl under obstacles to get closer to the source of the odor(s). This passive alert may also indicate item(s) that may have recently been contaminated with the odor of one or more of the aforementioned narcotics for which POPPY has been trained to detect.

Also, while training at "Scenturion Canine Consulting LLC," POPPY and I completed over 400 narcotic related and "blank" sniffs. These sniffs consisted of commercial buildings, residential homes, vehicles, transport trucks, packages/parcels, luggage, and many other different types of structures and objects. During these training sessions, the "training aids" were concealed in various locations, inside and/or outside, and POPPY was used to detect and locate them. POPPY and I, have also conducted sniffs where there were no narcotics present (blanks), and POPPY did not adversely alert to these locations that were deemed blank.

On May 6th, 2021, POPPY and I passed the initial California POST certification process through "CNCA," which was conducted by a recognized CNCA Certified K9 trainer/instructor, to detect the odors of Marijuana, Methamphetamine, Cocaine, Heroin, MDMA (Ecstasy) and their derivative. It was on this day, POPPY and I became a CA POST Certified Narcotics Detection Team. On January 14, 2022 and December 22, 2022, POPPY and I re-certified as a CA POST Certified Narcotics Detection Team through "CNCA". I am also a current member of the California Narcotics Officers Association (CNOA).

During the week of June 6, 2023, Poppy was trained to detect and alert to the odor of Fentanyl and its derivatives. On June 9, 2023, Poppy and I passed the California POST certification process through "CNCA," which was conducted by a recognized CNCA Certified K9 trainer/instructor, to detect the odor of Fentanyl and its derivatives.

On June 20, 2023, my police canine and I assisted with a narcotic parcel investigation. Canine Poppy alerted to the presence of the odor of illegal narcotics emitting from the following parcel.

USPS Parcel: 9505 5124 3466 3180 4968 78

Addressed To: J. Dang
1041 N Grand Ave
Covina A 91724 Box #393

Detective Corporal G. Gutierrez #3252
Santa Ana PD

EXHIBIT 1
Page 1 of 2

## AFFIDAVIT

### HANDLER GABRIEL GUTIERREZ
### AND K9 "POPPY"

I am currently employed by the Santa Ana Police Department, and assigned as a Detective to the Vice/Narcotics Unit. As of April 7th, 2021, I was assigned as a Narcotic Detection Canine Handler. "Poppy" who is a 3 year old female Black Labrador Retriever, was acquired by the Santa Ana Police Department on April 7th, 2021. Subsequently, I was assigned as POPPY'S full-time canine handler on this day.

POPPY and I have received training as a Narcotic Detection Canine Team by "Scenturion Canine Consulting LLC," which is located in Fontana, California. Poppy and I completed 4 weeks of formal Narcotic Detection Training taught by "Scenturion Canine Consulting LLC" from April 12, 2021 through May 6th, 2021. During that time, POPPY has been trained to detect and alert to the odors of Marijuana, Methamphetamine, Cocaine, Heroin, MDMA (Ecstasy) and their derivative. POPPY has been trained to show a "passive alert" in response to detecting any of these narcotic odors. Prior to her final alert POPPY will often make sudden change of direction towards the source of the odor, her breathing pattern will change and she may take several deep inhalations through his nose, and then appear to stop taking breaths. Also, without direction, POPPY may also jump up into and/or crawl under obstacles to get closer to the source of the odor(s). This passive alert may also indicate item(s) that may have recently been contaminated with the odor of one or more of the aforementioned narcotics for which POPPY has been trained to detect.

Also, while training at "Scenturion Canine Consulting LLC," POPPY and I completed over 400 narcotic related and "blank" sniffs. These sniffs consisted of commercial buildings, residential homes, vehicles, transport trucks, packages/parcels, luggage, and many other different types of structures and objects. During these training sessions, the "training aids" were concealed in various locations, inside and/or outside, and POPPY was used to detect and locate them. POPPY and I, have also conducted sniffs where there were no narcotics present (blanks), and POPPY did not adversely alert to these locations that were deemed blank.

On May 6th, 2021, POPPY and I passed the initial California POST certification process through "CNCA," which was conducted by a recognized CNCA Certified K9 trainer/instructor, to detect the odors of Marijuana, Methamphetamine, Cocaine, Heroin, MDMA (Ecstasy) and their derivative. It was on this day, POPPY and I became a CA POST Certified Narcotics Detection Team. On January 14, 2022 and December 22, 2022, POPPY and I re-certified as a CA POST Certified Narcotics Detection Team through "CNCA". I am also a current member of the California Narcotics Officers Association (CNOA).

During the week of June 6, 2023, Poppy was trained to detect and alert to the odor of Fentanyl and its derivatives. On June 9, 2023, Poppy and I passed the California POST certification process through "CNCA," which was conducted by a recognized CNCA Certified K9 trainer/instructor, to detect the odor of Fentanyl and its derivatives.

On June 20, 2023, my police canine and I assisted with a narcotic parcel investigation. Canine Poppy alerted to the presence of the odor of illegal narcotics emitting from the following parcel.

USPS Parcel: EL 624 213 015 US

Addressed To: Jabin Dang
1041 N Grand Ave
#393 Covina CA
91724

Detective Corporal G. Gutierrez #3252
Santa Ana PD

EXHIBIT 1
Page 2 of 2